IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Cooper, Jr.,<br><br>             Plaintiff,<br><br>vs.<br><br>Geraldine Keith,<br><br>             Defendant. | C/A No.: 3:25-13936-MGL-SVH<br><br><br><br>REPORT AND<br>RECOMMENDATION |

Joseph Cooper, Jr. ("Plaintiff"), proceeding pro se, filed this complaint against Geraldine Keith ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case and Plaintiff's motion for a preliminary injunction be dismissed.

I.     Factual and Procedural Background

Plaintiff writes the following in the section of the complaint form for "Statement of Claim": "Issuance order withheld access certain personal property, limitation of right of children." [ECF No. 1 at 5]. He requests the following relief: "Release any and all documents to court & Plaintiff." *Id.*

Plaintiff subsequently filed a motion for a preliminary injunction requesting this court "stop the relocation of Burial and any and all matter(s)" and order "first born from marriage have the dece[dent] burie[d] at his home town

next to his mother." [ECF No. 7]. He states the decedent is Joseph Cooper, Sr. ("Decedent"). *Id.* It appears that Plaintiff is Decedent's first-born child. The pleadings are unclear as to the relationship between Defendant and Decedent.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro

se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Plaintiff has failed to meet the minimal standards for filing a complaint, and the complaint is subject to summary dismissal for lack of subject-matter jurisdiction.

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint does not meet any of the three requirements under Fed. R. Civ. P. 8(a).

As to the first requirement, Plaintiff did not check a box for "[f]ederal question" or "[d]iversity of citizenship" as the basis for the court's jurisdiction. [ECF No. 1 at 3]. He left blank the space following the instruction to list specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in the case. *Id.* at 3. He wrote only N/A in the section for diversity of citizenship. *Id.* at 4. Earlier in the complaint, Plaintiff provided a mailing address for Defendant in Columbia, South Carolina and indicated he resides in Greenville, South Carolina. *Id.* at 2. Thus, it does not appear Plaintiff has alleged a basis for the court's jurisdiction.

As to the second requirement, Plaintiff provided a short, plain statement, but his statement does not show he is entitled to relief. *See* ECF No. 1 at 1. He references the "withh[o]d[ing of] access to certain personal property" and

"limitation of right of children," but does not indicate any specific action on the part of Defendant that injured him.

As for the third requirement, Plaintiff is unclear as to the relief he requests. In the complaint he requests a release of documents without specifying which documents he is seeking and for what purpose, and, in the motion, he appears to request that Defendant be enjoined from burying decedent in any place other than beside his mother in his hometown. *Compare* ECF No. 1 at 5, with ECF No. 7.

Although Plaintiff's complaint is subject to summary dismissal for failure to meet the minimal requirements for the filing of a complaint, he may be able to correct these deficiencies by amending his complaint. However, amendment would be futile, as the complaint would remain subject to summary dismissal for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at

5

any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject-matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations in this complaint do not fall within the scope of either form of the court's limited jurisdiction.

Although the complaint includes no basis for the court's jurisdiction, the undersigned notes that Plaintiff checked a box on the civil cover sheet for "BASIS

OF JURISDICTION" as "U.S. Government Plaintiff." [ECF No. 2]. As nothing in the record supports a finding that Plaintiff is permitted to bring suit on behalf of the United States, this alleged jurisdictional basis fails. Plaintiff also selects boxes on the civil complaint form for "NATURE OF SUIT" as "Insurance," "Stockholders' Suits," "Contract Product Liability," "Land Condemnation," "Foreclosure," "All Other Real Property," "Truth in Lending," "Other," "SSID Title XVI," "False Claims Act," "Banks and Banking," and "Freedom of Information Act." However, he does not raise allegations in the complaint that would support any of these types of suits. Plaintiff alleges no specific violation of the Constitution or federal statute, and no federal question jurisdiction is evident from the face of the complaint or his additional filings. *See generally* ECF Nos. 1, 2, 7. Therefore, Plaintiff has failed to invoke the court's federal question jurisdiction.

Plaintiff also fails to allege facts that support diversity of citizenship. *See id.* at 1. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Plaintiff has not met the "amount in controversy" requirement because does not indicate an amount in controversy. *see generally* ECF No. 1. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff has not demonstrated "complete diversity" of the

7

parties, as he identifies himself and Defendant as citizens of South Carolina. *See* ECF No. 1 at 2. Because Plaintiff has met neither the amount in controversy" nor the "complete diversity" requirement, this court lacks diversity jurisdiction over the matter.

Although Plaintiff's complaint is somewhat confusing and lacking in detail, it appears to revolve around a dispute with Defendant over his father's burial and estate. As Plaintiff has raised no claim that would support this court's subject-matter jurisdiction over the matter, his complaint is subject to summary dismissal. In the absence of subject-matter jurisdiction, the court cannot grant Plaintiff's motion for a preliminary injunction.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case and Plaintiff's motion for a preliminary injunction be dismissed for lack of subject-matter jurisdiction. The undersigned further recommends the dismissal be without prejudice to Plaintiff's right to file similar pleadings and motions in state court.

IT IS SO RECOMMENDED.

December 22, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).